(1) NOT ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 9 2001
CLERK, U.S. DISTRICT COURT
By _____

| | | |
|---|---|---|
| JULIANNE CONTRERAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | |
| WAFFLE HOUSE, INC. | § | 3:01CV0701-P |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Julianne Contreras ("Contreras"), for her Complaint against Defendant Waffle House, Inc. ("WHI"), would show as follows:

### Parties

1. Contreras is an individual residing in this District.

2. WHI is a corporation not incorporated or having a principal place of business in Texas which may be served through an officer or managing or general agent at restaurant location at 120 Spring Valley, Richardson, Texas 75080 or through CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201, its registered agent for service of process.

### Jurisdiction and Venue

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 based on Plaintiff's claim under 42 U.S.C. §2000e et seq. and the parties' diversity of citizenship. Venue is proper because all of the actions or omissions upon which Plaintiff's claim is based occurred in the District.

COMPLAINT -- Page 1

Facts

4. WHI is a restaurant chain.

5. In January 2000, Contreras sought a position of manager of a restaurant location of WHI in Richardson, Texas. She was offered the position on the condition that she first participate in a training program for six weeks in the position of manager trainee. She accepted the position subject to that condition.

6. For the first four weeks of her training, beginning in mid-January 2000, Contreras was trained by the departing manager of the restaurant location without incident. However, during the last two week portion of the training period, Contreras was trained by another WHI employee, Tony Foster, and Foster sexually harassed her. The sexual harassment included unconsented touching of her hips and torso from the rear, unconsented fondling of her hair, requests for her to press against him frontally, unsolicited comments of a sexual nature concerning her appearance, unsolicited comments concerning her sexual relationship with her husband and propositions to engage varieties of sexual contact, including by reference to her performing on his body actions which she was performing in the kitchen. Contreras objected and rebuffed him at each occasion.

7. The conduct of Foster, and the objection of Contreras to such conduct, was observed by Paul Ramirez, district manager, after less than a week of the training under Mr. Foster had occurred, and Contreras separately complained to Ramirez at that time and on another occasion in a meeting with Ramirez for the purpose of addressing the sexual harassment. Ramirez claimed in that meeting

that action would be taken to address the sexual harassment by Foster, but Foster was not removed from his position of trainer nor otherwise inhibited from continuing his sexual harassment, and in fact continued to sexually harass Contreras.

8.   On March 10, 2000, based on the lack of any remedial response to her complaint to sexual harassment, Contreras was constructively discharged from her employment with WHI.

9.   On April 26, 2000, Contreras timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") for concurrent filing with the Texas Commission on Human Rights with respect to her termination. On January 10, 2001, a notice of right to sue with respect to the charge, and she has timely filed a civil action within the 90 days of receipt of such notice.

10.   Contreras has suffered, and continues to suffer, from emotional distress. Also as a consequence of her termination of employment with WHI, Contreras has suffered, and continues to suffer, financial distress, including lost earnings and lost earning capacity.

### Claim

11.   For her first cause of action, Contreras would show that she was subjected by WHI to discriminatory and retaliatory conduct in violation of 42 U.S.C. §2000e et. seq. in (a) discharging her and otherwise discriminating against her with respect to her compensation, terms, conditions or privileges of employment on the basis of her sex, (b) limiting, segregating or classifying her in a way which would tend to deprive her, and did deprive her, of

employment opportunity or which otherwise adversely affected her status, on the basis of her sex, (c) otherwise retaliating and discriminating against her as an employee of WHI, on the basis of her opposing discriminatory practices against her.

12. For her second cause of action, Contreras would show that Foster assaulted and battered her and that WHI ratified his conduct in that regard.

13. For her second cause of action, Contreras would show that Foster intentionally inflicted emotional distress upon him and that WHI ratified his conduct in that regard.

14. On account of her claims, Contreras seeks all relief to which she may be entitled, including back pay, front pay, actual and compensatory damages, including for lost earnings, damage to reputation and extreme emotional distress, prejudgment interest, costs of court, attorney's fees and expenses, and on account of the nature of the conduct of WHI, punitive damages.

13. Contreras requests a trial by jury to the full extent permitted by the U.S. Constitution and other applicable law.

WHEREFORE, Plaintiff prays that this Court grant her all relief which she is justly entitled.

                                          Respectfully submitted,

                                          _/s/ Robert E. Goodman, Jr._

                                          Robert E. Goodman, Jr.
                                          TSB No. 08158100

                                          5956 Sherry Lane, Suite 800
                                          Dallas, Texas  75225
                                          (214) 368-1765

                                          COUNSEL FOR PLAINTIFF